EBEN S. COE *versus* JOHN H. WILSON.

Where, by the terms of the lease of a farm, occupied by the lessee, it is stipu-
lated that "all the hay and straw shall be used on said farm," the hay raised
thereon by the lessee is subject to this condition, and cannot be attached or
taken on execution by his creditors.

THIS was an action of TRESPASS, brought by the owner and
lessor of a farm, against a deputy sheriff, who attached a
quantity of hay raised thereon, as the property of the lessee.
The attachment was upon a writ in favor of one of the cred-
itors of the lessee, and the hay was afterwards sold on execu-
tion.

The following is a copy of the lease : —

"This memorandum of agreement by and between E. S.
Coe on the one part, and H. D. Watson on the other part,
witnesseth, that said Watson agrees to take and manage the
Lawrence farm, in Newport, upon the following conditions,
viz. : — to occupy the best house with his family, lease the other
house, and collect and account for half the rent yearly, culti-
vate and plough such portion of the fields as required from
time to time, and cut the grass in good season, and do all the
farming work in good and proper season, and carry on said
farm in good and husband-like manner, and do all that is
necessary to keep the fences in good repair, and deliver to
said Coe, or sell for his benefit, one-half of all the products
of said farm yearly, and one-half of all the growth on the
stock, when the same is sold, all of said hay and straw to be
used on said farm ; said Watson to furnish all the tools,
excepting one set of cart wheels and carts and one breaking
up plough, and pay one-half of the taxes yearly. Said Coe
agrees, on his part, to furnish said Watson with the stock for
the farm, viz. : — one yoke of oxen, two cows, one horse, two
shoats, and such other stock as may be necessary for the farm,
and one large plough and one set of cart wheels, — all to be
charged at cost; and when said stock is sold, one-half of all
gain or loss to belong to said Watson ; and said Coe to pay

for all manure and plaster of Paris put on the farm this sea-
son, and pay for setting over the fences around the field, and
repair the house and barn.   When said Watson leaves the
premises, the stock is to be appraised, and hay, and one-half
of all the gain or loss to belong to him.   This agreement to
continue from year to year, unless otherwise altered, and con-
tinue in force as long as said Watson remains on said farm;
and, when he intends to leave, he is to give six months' notice.
All of said stock and tools furnished and to be furnished, to
be and remain the property of said Coe; all my part of the
crops and the growth of stock to be held as collateral security
to pay my notes to said Coe, and advances, from time to time,
until paid in full with interest."

. Signed, "E. S. Coe.                    "Henry D. Watson."

The foregoing lease was made May 8, 1854, and Watson
immediately took possession of the farm, and continued in the
occupation thereof until after the commencement of this suit.
He cut the hay on the farm in 1857, and, after it was put in
the barn, August 26th, a part of it was attached by the de-
fendant, upon a writ in favor of one Sullivan Lothrop.

The case was argued by *A. W. Paine,* for the plaintiff.

*D. D. Stewart,* argued for the defendant.

The contract between the plaintiff and H. D. Watson, pro-
vides that Watson shall "carry on the farm," on which the
hay grew, "in good and husband-like manner, and deliver to
said Coe, or *sell* for his benefit, one-half of all the products of
said farm, yearly, and one-half of all the growth on the stock,
when the same is sold."

Towards the close of the contract the following language
is used:—"This agreement to continue from year to year
until otherwise altered, and continue in force as long as said
Watson remains on said farm, and, when he intends to leave,
he is to give six months notice."

This contract is clearly a lease from year to year, in the
strictest sense of the law, with a proviso for six months no-

tice to quit; the farm to be carried on for a rent of one-half of the crops.

For any breach of the lease by Watson, the remedy is by suit at law. All the crops are raised by the labor of Watson, and are his property until a division and delivery to Coe. No such division or delivery has ever been had, and the hay was liable to attachment on Watson's debts. The case falls directly and fully within numerous decisions of this Court. It is unnecessary to cite more than three. *Turner* v. *Bachelder*, 17 Maine, 257; *Symonds* v. *Hall*, 37 Maine, 354; *Garland* v. *Hilborn*, 23 Maine, 442.

The closing language of the lease is as follows:—" All my part of the crops, (i. e. all Watson's part,) and the growth of stock, to be held as *collateral security* to pay my notes to said Coe, and advances from time to time, until paid in full with interest." This is undoubtedly a mortgage to the plaintiff, in terms. But when it was executed, on May 8, 1854, the property was not in existence. It was therefore invalid, as against an attaching creditor. *Jones* v. *Richardson*, 10 Met. 481; *Head* v. *Goodwin*, 37 Maine, 181; *Chapin* v. *Cram*, 40 Maine, 561.

Besides, the mortgage was never *recorded*, nor was there ever any *delivery* of the property to the mortgagee.

For these reasons, also, the mortgage was invalid as against an attaching creditor. *Bailey* v. *Fillebrown*, 9 Greenl. 12.

The opinion of the Court was delivered by

HATHAWAY, J.—Henry D. Watson had the possession and management of the plaintiff's farm, in pursuance of the contract of May 8, 1854. The question presented is whether or not the hay, which Watson cut on the farm, under that contract, was his property, and liable to attachment as such by his creditors. One of the stipulations in the contract was that all of the hay and straw should be used on the farm.

The case is not distinguishable in principle from *Lewis* v. *Lyman*, 22 Pick. 437, in which case the Court said what may,

with equal truth, be said of the contract in this case, that, " taking the whole contract together, it is manifest that the tenants had a limited right or interest in the hay and fodder; *to wit:* only such a right or benefit as would result to them, from having it given to the stock upon the farm, whereby their proportion of the produce of the dairy and of the produce of the stock would be increased." See also *Moore* v. *Holland*, 39 Maine, 307. The cases relied upon by the defendant were essentially different from this case, and from *Lewis* v. *Lyman*, as seems to have been the opinion of the Court in the case cited by the defendant, *Garland* v. *Hilborn*, 23 Maine, 446.

As agreed by the parties, the action must stand for trial.

TENNEY, C. J., and RICE, APPLETON, CUTTING, and GOODENOW, J. J., concurred.